Filed 7/13/23  P. v. MacFarland CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER MICHAEL MACFARLAND,<br><br>    Defendant and Appellant. | A165503<br><br>(Del Norte County<br>Super. Ct. No. CRF-19-9209) |

Defendant Christopher Michael MacFarland appeals after a jury convicted him of possession of child pornography and found true additional allegations that he had a prior conviction requiring him to register as a sex offender.  On appeal, he argues the trial court erred by giving instructions that reduced the prosecution's burden of proof as to the prior conviction allegations, requiring reversal of the jury's true findings as to those allegations.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with two counts of possession of matter depicting a minor engaged in sexual conduct (hereafter "possession of child

1

pornography") (Pen. Code, § 311.11, subd. (a)[1]) and further alleged as to each count that defendant had previously been convicted of offenses requiring registration under the Sex Offender Registration Act (§ 311.11, subd. (b)). The People also alleged these prior convictions qualified as "strikes." The following is a brief summary of the trial evidence.

In June 2017, Del Norte County Sheriff's deputies executed a search warrant at defendant's home. The deputies seized defendant's cellphone from his person and his HP laptop. The cellphone contained videos showing defendant sneaking around his home, filming a child going to the bathroom and taking a shower, and various photos of a child's buttocks. There were indicia that a number of searches for child pornography were performed on the HP laptop, which contained images of child pornography. The number of images and searches on the laptop indicated the images were not the result of "pop-ups" or involuntary redirection by websites to other websites.

In May 2019, Del Norte County Sheriff's deputies executed another search warrant of defendant's home and seized a Dell laptop. There were indicia that searches for child pornography were performed on the laptop, which contained over 300 images of child pornography and/or pornography involving "age questionable" persons. The sheer number of images made it unlikely they were the product of "pop-ups" or website redirection.

With regard to the prior conviction allegations, a retired captain of the Coos County Sheriff's Office in Oregon testified that in 2003, when defendant was roughly 21 years old, defendant admitted he "sexually abus[ed]" E.R. and K.R., who were around nine to ten years old. Another retired Coos County Sheriff's deputy testified that in 2002, defendant admitted inappropriately

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

touching C.S. and A.B., who were around seven years old.  The People presented evidence that defendant was charged and convicted of two counts of sexual abuse in the first degree and two counts of attempted sexual abuse in the first degree in connection with these investigations.  Detective Asbury of the Del Norte County Sheriff's Office testified that due to his Oregon convictions for first degree sexual abuse, defendant was required to register as a sex offender under California's Sex Offender Registration Act, and that he was so required when both the 2017 and 2019 warrants were executed.

The trial court instructed the jury with several CALCRIM instructions, including CALCRIM No. 220 that the People's burden of proof as to the charges was proof beyond a reasonable doubt.  That instruction further relayed that whenever the court told the jury that the People must prove something, the People must prove it beyond a reasonable doubt unless specifically instructed otherwise.  The proof beyond a reasonable doubt standard was reiterated several times in other instructions, including the instruction concerning the additional prior conviction allegations.  As relevant here, CALCRIM No. 1145 set out the elements of the charged possession of child pornography offenses, then told the jury the following concerning the prior conviction allegation: "If you find the defendant guilty of this crime as charged in Count 1 or 2, you must then decide whether the People have proved the additional allegation.  You must decide whether the People have proved this allegation for each crime beyond a reasonable doubt . . . .  To prove the prior conviction allegation, the People must prove that the defendant has at least one prior conviction for committing or attempting to commit an offense requiring registration under the Sex Offender Registration Act, . . . specifically:  Sexual Abuse in the First Degree, in violation of the Oregon Revised Statutes, 163.427."

3

CALCRIM No. 375 instructed that the jury could, but need not, consider the evidence of the uncharged Oregon offenses for the limited purpose of deciding identity, intent, motive, knowledge, lack of mistake or accident, and existence of a plan. Similarly, CALCRIM No. 1191A told the jury it could, but need not, consider the evidence of the uncharged offenses of sexual abuse in the first degree and attempted sexual abuse in the first degree—i.e., the Oregon offenses—to conclude defendant was "disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit" the charged crimes of possession of child pornography. Both CALCRIM Nos. 375 and 1191A instructed the jury it could consider the uncharged offenses for the purposes set forth in those instructions only if the People proved the uncharged offenses by a preponderance of the evidence. They also told the jury that if it did conclude defendant committed the uncharged offenses, that conclusion was not sufficient to prove the charged offenses, and the People must still prove the charged offenses beyond a reasonable doubt.

The jury convicted defendant of both charged counts and found true the additional allegations that defendant had at least one prior conviction for committing or attempting to commit sexual abuse in the first degree. After the jury rendered its verdict, the trial court addressed the bifurcated issue of the alleged prior strike convictions and found the strike allegations true. The court sentenced defendant to consecutive 25-year-to-life terms for the two counts. Defendant appealed.

## DISCUSSION

Defendant argues the instructions violated his due process rights because they were confusing and allowed the jury to find the prior conviction

4

allegations true if the prosecution proved them only by a preponderance of the evidence.  As we will explain, we find no error.

" ' " 'A defendant challenging an instruction as being subject to erroneous interpretation by the jury must demonstrate a reasonable likelihood that the jury understood the instruction in the way asserted by the defendant.' " ' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 905.)  A reviewing court reads the instructions as a whole to determine whether there is a reasonable likelihood the jury applied the challenged instruction in an impermissible manner.  (*People v. Wilson* (2008) 44 Cal.4th 758, 803 (*Wilson*).)  In assessing the probable impact of the instructions on the jury, we also consider the arguments of trial counsel.  (*People v. Young* (2005) 34 Cal.4th 1149, 1202 (*Young*).)  We presume the jurors understood and correctly applied the instructions.  (*Wilson*, *supra,* at p. 803; see, e.g., *People v. Reliford* (2003) 29 Cal.4th 1007, 1016.)  We review the claim of instructional error de novo.  (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

As a preliminary matter, we observe the record does not reflect any inquiries from the jury regarding the application of the instructions presently at issue, and no objections by defendant's trial counsel on the grounds presently raised.  "[I]f the instructions were susceptible of the interpretation defendant now asserts, counsel likely would have objected at trial on this basis.  Such omissions suggest ' "the potential for [confusion] argued now was not apparent to one on the spot." ' " (*Young, supra*, 34 Cal.4th at p. 1203.)

More to the point, CALCRIM No. 1145, which covered both the elements of the charged offenses and the additional prior conviction allegations, read:  "The defendant is charged in Counts 1 and 2 with possessing [child pornography] in violation of . . . section 311.11(a).  [¶] To prove that the defendant is guilty of this crime, the People must prove that:

[¶] 1. The defendant possessed or controlled matter that contained an image of a minor personally engaging in or simulating sexual conduct;  [¶] 2. The defendant knew that he possessed or controlled the matter;  [¶]  AND [¶] 3. The defendant knew that the matter contained an image of a minor personally engaging in or simulating sexual conduct.  [¶] . . . [¶] *If you find the defendant guilty of this crime as charged in Count 1 or 2, you must then decide whether the People have proved the additional allegation.  You must decide whether the People have proved this allegation for each crime beyond a reasonable doubt and return a separate finding for each crime.*  To prove the prior conviction allegation, the People must prove that the defendant has at least one prior conviction for committing or attempting to commit an offense requiring registration under the Sex Offender Registration Act, or an attempt to commit such an offense, specifically:  Sexual Abuse in the First Degree, in violation of the Oregon Revised Statues, 163.427."  (Italics added.)  This instruction clearly told the jury that the prosecution had the burden of proving beyond a reasonable doubt that defendant had at least one prior conviction requiring sex offender registration.

Turning to CALCRIM No. 375 and CALCRIM No. 1191A, those instructions plainly told the jury that a different standard of proof—proof by a preponderance of the evidence—applied *if* the jury were to consider the evidence concerning the uncharged offenses for the purpose of concluding defendant had the propensity to commit the charged offenses, or for the purpose of deciding identity, intent, motive, knowledge, lack of mistake or accident, and existence of a plan.  Nothing in these instructions authorized the jury to use the preponderance standard for anything other than considering the uncharged acts for the narrow purposes set out in the instructions.  Both instructions also reiterated that the People still needed to

6

prove the charged offenses beyond a reasonable doubt. And beyond the above-mentioned language in CALCRIM No. 1145, another instruction made clear that whenever the People must prove something, that meant the People needed to prove it beyond a reasonable doubt unless otherwise specified. On this record, we do not find it reasonably likely the jury understood it could make true findings as to the prior conviction allegations if the People proved them only by a preponderance of the evidence.

Consideration of the arguments of counsel only solidifies that conclusion. During closing argument, the prosecutor briefly discussed the Oregon offenses and the instructions that allowed the jury to consider that evidence as propensity evidence or as evidence to support facts such as motive and lack of mistake in determining whether defendant was guilty of the charged offenses of possessing child pornography. After discussing this with the jury, the prosecutor said: "But, of course, the prior offenses are only one factor to consider. I've got to prove *everything else* beyond a reasonable doubt." (Italics added.) Then during his rebuttal argument, the prosecutor delineated the differing standards applicable if the jury were to use the uncharged Oregon offenses and convictions as proof supporting the current charges, and if the jury were to use the Oregon convictions to find true the additional allegations that defendant had prior convictions that required him to register as a sex offender: "So we have to prove that by a preponderance of the evidence if you are going to use it for evidence to prove that these current charges happened. But we have to prove that beyond a reasonable doubt if you are going to find that he was required to register as a sex offender, based on those convictions."

True, defense counsel stated during his closing argument that the prior convictions "require a preponderance of the evidence." But he proceeded to

7

clarify that the jury could consider the Oregon offenses after finding them true by a preponderance of the evidence if the jury would be using them to support the conclusion, beyond a reasonable doubt, that defendant committed the charged counts of possessing child pornography. Viewed together with the instructions and the prosecutor's argument, it is not reasonably likely the jury understood the instructions in the manner defendant posits.

Contrary to defendant's next claim, the verdict forms do not assist his position. The verdict forms for the additional allegation as to count 1 read: "We the jury, having found the defendant guilty of Count 1, beyond a reasonable doubt we find the additional allegation alleged against defendant . . . : [¶] TRUE that the defendant had at least one prior conviction for committing or attempting to commit Sexual Abuse in the First Degree, in violation of Oregon Revised Statute 163.427." (Bold omitted.) The verdict form for the additional allegation as to count 2 was materially identical. Defendant argues a reasonable juror would have read the "beyond a reasonable doubt" language as describing the finding of guilt on Count One. But even defendant acknowledges the comma placement suggests the standard of proof beyond a reasonable doubt applied to the additional allegation. In any case, under either interpretation, and considered along with the aforementioned instructions and arguments, the verdict forms are either neutral in our assessment of the jury's understanding of the instructions, or they bolster the improbability that the jury understood the instruction in the manner asserted by defendant.

Defendant argues *People v. Cruz* (2016) 2 Cal.App.5th 1178 (*Cruz*) supports his claim of error. But *Cruz* is inapposite. In *Cruz*, the challenged instruction told the jury: " 'In determining whether defendant has been proved guilty of any sexual crime of which he is charged, you should consider

8

all relevant evidence, including whether the defendant committed *any other sexual crimes, whether charged or uncharged . . . .*" (Italics added.) The instruction continued: " '*If you find, by a preponderance of the evidence, that the defendant committed any such other sexual offense* you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses. [¶] If you find that the defendant had this disposition you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.' " (*Cruz*, at pp. 1183–1184, italics added.)

The *Cruz* court concluded this instruction violated the implied rule in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), that charged offenses could be used to show propensity to prove other charged offenses if the People prove them beyond a reasonable doubt. (*Cruz, supra*, 2 Cal.App.5th at pp. 1185–1186.) *Cruz* also indicated the instructions "presented the jury with a nearly impossible task of juggling competing standards of proof during different phases of its consideration of the same evidence" because: "In effect, the instruction given here told the jury it should first consider whether the offenses charged in counts 1, 2, and 3 had been established by a preponderance of the evidence, while holding its ultimate decision on the same offenses in suspension. Then the jury was required to decide whether the preponderance finding showed a propensity, and whether this propensity, in combination with the other evidence, proved those offenses a second time, this time beyond a reasonable doubt." (*Id.* at pp. 1185–1187.)

In this case, unlike *Cruz*, defendant is not complaining about instructions permitting the use of *charged* offenses as propensity evidence to prove other *charged* offenses. (*Cruz, supra*, 2 Cal.App.5th at p. 1184.) Indeed, as to *charged* offenses, the trial court gave CALCRIM No. 1191B

9

which—in line with *Cruz* and *Villatoro*—instructed the jury that if the prosecution proved beyond a reasonable doubt that defendant committed either of the crimes charged in counts 1 and 2 (i.e., possessing child pornography), then the jury could infer defendant's propensity to commit the other charged offense.

In essence, defendant appears to be complaining that the instructions permitted use of uncharged offenses as evidence of propensity and other facts, though the convictions for those uncharged Oregon offenses were the basis for the additional prior conviction allegations under section 311.11, subdivision (b). But again, the jury here was clearly instructed that the preponderance standard applied to the potential use of the uncharged Oregon offenses for the limited purpose of proving propensity or other material facts such as motive and lack of mistake. Moreover, the jury was expressly instructed that if it found defendant guilty of either count 1 or 2, then it must decide whether defendant had at least one prior conviction requiring him to register as a sex offender, and the People needed to prove this additional allegation beyond a reasonable doubt. In effect, and in contrast with *Cruz*, the instructions in this case told the jury it should first consider whether the uncharged Oregon offenses had been established by a preponderance of the evidence before deciding whether such offenses showed a propensity, and whether this propensity evidence, in combination with the other evidence, proved the charged offenses beyond a reasonable doubt. Then only if the jury found defendant guilty of counts 1 or 2, could the jury proceed to decide whether the People proved—beyond a reasonable doubt—the additional allegation that defendant had a prior conviction requiring sex offense registration.

We are likewise unpersuaded by defendant's belated reliance on *People v. Quintanilla* (2005) 132 Cal.App.4th 572, which he cites for the first time in his reply brief. *Quintanilla* held that a charged domestic violence offense cannot be used as propensity evidence under Evidence Code section 1109. (*Quintanilla*, at pp. 575, 582–583.) Among the court's reasons for so concluding was its belief that the Legislature did not mean "for juries to weigh the evidence supporting domestic violence charges under two different standards of proof—beyond a reasonable doubt on each charged offense, but preponderance of the evidence for purposes of assessing a defendant's propensity." (*Id.* at p. 583.) Because the trial court had "told the jury to consider charged offenses under the preponderance standard for purposes of drawing a propensity inference, while also weighing the same evidence under the reasonable doubt standard for purposes of deciding Quintanilla's guilt on each charge," *Quintanilla* commented "[s]uch mental gymnastics may or may not be beyond a jury's ability to perform." (*Ibid.*)

Notably, the California Supreme Court subsequently held that a charged sex offense can be used as propensity evidence under Evidence Code section 1108—a provision parallel to Evidence Code section 1109—and it disapproved of *Quintanilla* to the extent it was inconsistent with that holding. (*Villatoro, supra,* 54 Cal.4th at pp. 1162–1164, fn. 5.) *Villatoro* then upheld a modified instruction that allowed the jury to use charged offenses to draw an inference of propensity if they were proven beyond a reasonable doubt. (*Id.* at pp. 1167–1168.) In sum, defendant's reliance on *Quintanilla* is misplaced, and the instructions given in this case do not contravene *Villatoro*.

In conclusion, we do not find a reasonable likelihood that the jury understood the instructions to permit true findings as to the prior conviction allegations under the preponderance of the evidence standard. Finding no

error, we need not address defendant's claim that the alleged error requires reversal.  (*Young*, *supra*, 34 Cal.4th at p. 1203.)

## DISPOSITION

The judgment is affirmed.


_____
Fujisaki, J.


WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.


*People v. MacFarland* (A165503)


12